**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Richard Anthony Marin (#20250211065), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 5596 |
| v. | ) | |
| | ) | Hon. Jeffrey I. Cummings |
| Cook County Jail, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court denies plaintiff's application for leave to proceed *in forma pauperis* [3] without prejudice because it is incomplete. Plaintiff must either (1) prepay the full $405.00 filing fee or (2) submit a renewed application to proceed *in forma pauperis* that complies with this order. Failure to comply by July 25, 2025, will result in summary dismissal of this case. Plaintiff is further advised he has a continuing obligation to keep the Court apprised of his current address, and failure to do so will result in dismissal of this action for failure to comply with a court order and for want of prosecution. The Clerk of Court is directed to send plaintiff a blank application for leave to proceed *in forma pauperis* along with a copy of this order. The Court defers its review of plaintiff's complaint [1] and his motion for attorney representation [4] until he resolves his fee status. Tracking status hearing set for August 25, 2025 at 9:00 a.m. (to track the case only, no appearance is required).

**STATEMENT**

Plaintiff Richard Anthony Marin, an inmate at the Cook County Jail, seeks to bring this *pro se* civil rights action without prepaying the Court's filing fee; however, his application for leave to proceed *in forma pauperis* (IFP), (Dckt. #3), is incomplete.

The Prison Litigation Reform Act (PLRA) requires all inmates to pay the full filing fee. *See* 28 U.S.C. §1915(b)(1). If an inmate is unable to prepay the fee, he may submit an application for leave to proceed IFP and, if granted, he will be allowed to pay the fee in installments deducted directly from his trust fund account. To apply to proceed IFP, an inmate must complete and submit the Court's application form along with "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. §1915(a)(2). The application must be signed by the inmate and certified by an authorized prison official. An inmate seeking to proceed IFP also should note that the application requires disclosure of all income received during the past twelve months, not just the six months required by the PLRA.

Here, plaintiff's application is incomplete for the following reasons.

First, plaintiff has not provided complete responses to all of the questions in the application. Specifically, he has left blank all portions of question no. 2 (asking about his income), except for the section related to "deposits by others into [his] jail or prison account." (Dckt. #3 at 1).

Second, the application has not been certified by a jail official. (*See id.* at 2).

Relatedly, the application does not include trust fund information for the full/relevant six month look-back period (or, from November 19, 2024, to May 19, 2025). Instead, it includes trust fund information for a period covering February 11, 2025, to April 15, 2025. (*See id.* at 3). If plaintiff was incarcerated at more than one facility during the look-back period, he must provide certified trust fund information from each facility. If he was not incarcerated throughout the full look-back period, he must disclose (at question no. 2) how he was supporting himself.

Accordingly, the Court denies plaintiff's application to proceed IFP without prejudice. If plaintiff wants the Court to consider whether he may pay the filing fee in installments, rather than prepaying the fee in full, he must submit a renewed application for leave to proceed IFP using the form provided by this Court. The application must be certified by an appropriate official. The application also must include a copy of plaintiff's trust fund statement showing all transactions in his account or accounts for the six month period preceding the filing of the complaint. Alternatively, he may prepay the $405.00 filing fee.

Plaintiff should be aware that, by signing an application to proceed IFP, he declares under penalty of perjury that the information provided about his finances is true and correct. Providing intentionally incomplete or inaccurate information on the application could be grounds for dismissal of this lawsuit. *See* 28 U.S.C. §1915(e)(2)(A); *Lofton v. SP Plus Corp.*, 578 Fed.Appx. 603, 604 (7th Cir. 2014) (collecting cases upholding dismissals with prejudice for plaintiffs' failures to disclose assets on their IFP applications). Plaintiff therefore must ensure that his answers to all questions on any renewed application are complete, truthful, and accurate, or risk dismissal of the action with prejudice.

Plaintiff also should be aware that the PLRA requires all inmates to pay the filing fee, even if the case is summarily dismissed. *See* 28 U.S.C. §1915(b)(1). Thus, he must either pay the filing fee upfront or pay the fee in installments consisting of 20% of his monthly income (including money sent by family and friends) until the filing fee is paid in full. If he is allowed to pay in installments, the collections from his account will follow him even if he is transferred to another facility. Waiver of the fee is not an option. *See Butler v. Deal*, 794 Fed.Appx. 542, 544 (7th Cir. 2020) (explaining that PLRA "forbids outright forgiveness of the obligation to pay the filing fee").

The Clerk of Court will send plaintiff a blank application to proceed IFP.

**DATE:  July 3, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**

3