**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Richard Anthony Marin (#20250211065), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25 C 5596 |
| | ) | |
| v. | ) | Hon. Jeffrey I. Cummings |
| | ) | |
| Cook County Jail, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Plaintiff's renewed application for leave to proceed *in forma pauperis* [8] is granted. The Court orders the trust fund officer at plaintiff's place of incarceration to immediately deduct $15 from plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. The Court directs the Clerk of Court to send a copy of this order to the inmate trust account office at the Cook County Jail and to the Court's Fiscal Department. Summons, however, shall not issue. Plaintiff's complaint [1] is dismissed without prejudice for failure to state a claim. If plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that states a viable federal claim against a proper defendant. Failure to submit an amended complaint by September 30, 2025, will result in dismissal of this lawsuit for failure to state a claim. Plaintiff's motion for attorney representation [4] is denied without prejudice. Plaintiff is advised that he must promptly submit a change-of address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for want of prosecution. The Clerk of Court is directed to send plaintiff an amended complaint form, along with a copy of this order. The previously set August 25, 2025 tracking status hearing is stricken and re-set to October 31, 2025 at 9:00 a.m. (to track the case only, no appearance is required and the case will not be called).

**<u>STATEMENT</u>**

Plaintiff Richard Anthony Marin, an inmate at the Cook County Jail, brings this *pro se* civil rights action under 42 U.S.C. §1983, in connection with his incarceration. Before the Court are plaintiff's renewed application for leave to proceed *in forma pauperis*, (Dckt. #8), his complaint for initial review, (Dckt. #1), and his motion for attorney representation, (Dckt. #4).

Plaintiff has demonstrated that he cannot prepay the filing fee, and thus, his renewed application for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. §1915(b)(1), (2), the Court orders: (1) plaintiff to immediately pay (and the facility having custody of him to automatically remit) $15 to the Clerk of Court for payment of the initial partial filing fee and (2) plaintiff to pay (and the facility having custody of him to automatically remit)

to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify plaintiff's name and the case number assigned to this case.

Plaintiff's complaint, however, must be dismissed. Under 28 U.S.C. §1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

The complaint is difficult to follow. Plaintiff states that he is a "strict vegan on health, ethical, and religious grounds." (Dckt. #1 at 4). He claims that, at different points throughout his various periods of incarceration at the jail (dating from 2023 to the present), he was denied a vegan diet. (*Id.*). Plaintiff seems to be saying that he requested the vegan diet at various times, although he does not specify when or to whom he submitted the requests. (*Id.*). Plaintiff seems to describe several meetings with Dr. Tremmell when he asked about receiving a vegan diet. (*Id.* at 5). Plaintiff says that Dr. Tremmell "falsely claimed that there was no such thing as an "allergy to meat despite there being substantial peer reviewed research and medical documentation to that effect and falsely claimed on both occasions where [Plaintiff] met with him that the jail offered no vegan diet[.]" (*Id.*). Plaintiff maintains that the jail and Dr. Tremmell "have denied [plaintiff] [his] right to a vegan diet and continue to do so to this day." (*Id.*).

The complaint names the following as defendants: Cook County Jail and Dr. Tremmell. (*Id.* at 1).

2

Plaintiff's complaint suffers from a number of flaws and cannot proceed. First, the complaint does not comport with the basic notice-pleading requirements of Rule 8(a). As discussed above, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555, *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). Plaintiff's vaguely-worded complaint does not comport with these standards. It is clear that plaintiff is dissatisfied that he did not/has not received a vegan diet at certain times throughout his incarceration at the jail, but he provides no clear factual information about the events underlying his claim(s). Additionally, his narrative provides no clear timeline of the events at issue. Overall, his allegations—which, for the most part, are phrased in generalized terms—are confusing and difficult to follow and thus do not comply with the federal notice-pleading requirements.

Second, as a substantive matter, plaintiff's vague allegations do not state a claim against Dr. Tremmell. To the extent plaintiff is attempting to assert a medical claim against Dr. Tremmell, he has not done so. To state such a claim, plaintiff must allege facts indicating that he faced a serious medical condition, and jail officials made purposeful, knowing, or possibly reckless (as opposed to negligent) decisions to respond to that risk in a manner that was objectively unreasonable under the circumstances. *See Miranda v. County of Lake*, 900 F.3d 335, 354 (7th Cir. 2018). Plaintiff's single vague statement that Dr. Tremmell told him, at some point, that "there was no such thing as an allergy to meat" is not sufficient to meet this standard.

Further, plaintiff seems to be attempting to raise additional claims. For instance, in the opening portion of the pleading, he states that he is a "strict vegan on health, ethical and religious grounds." (Dckt. #1 at 4). Later, he also references retaliation and equal protection. (*Id.* at 4-5). But these words and phrases, which are peppered throughout the instant pleading in conclusory terms and are unlinked to any particular defendant, do not state any claim(s). *See Iqbal*, 556 U.S. at 678 (explaining that plaintiff cannot rely on labels, unsupported conclusions, or conjecture to state a claim); *Twombly*, 550 U.S. at 570 (explaining that courts need not accept as true "abstract recitations of the elements of a cause of action or conclusory legal statements").

Additionally, the Cook County Jail itself is not a suable entity. *See Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993).

Accordingly, the Court dismisses plaintiff's complaint, (Dckt. #1), without prejudice for failure to state a claim. If plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that states a viable federal claim against a proper defendant. Any amended complaint must be submitted on the Court's required form. *See* Local Rule 81.1. Any amended complaint also must comport with Federal Rule of Civil Procedure 11. Rule 11 provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed.R.Civ.P. 11(b). Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent.

3

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any documents plaintiff wants the Court to consider in its threshold review of the amended complaint also must be attached. Plaintiff is advised to keep a copy for his files.

The Clerk will provide plaintiff with an amended civil rights complaint form, along with a copy of this order. Failure to submit an amended complaint by the date set forth above will result in dismissal of this lawsuit for failure to state a claim.

As a final matter, the Court denies plaintiff's motion for attorney representation, (Dckt. #4), without prejudice. "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. §1915(e)(1). "[A] district court faced with a request for counsel must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Armstrong v. Krupiczowicz*, 874 F.3d 1004, 1008 (7th Cir. 2017) (alteration in original), *quoting Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)); *see also Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019) ("A litigant's good faith but unsuccessful effort to obtain counsel is a necessary condition to the provision of judicial assistance to recruit a lawyer.").

Here, plaintiff has sufficiently demonstrated that he made an attempt to obtain counsel in this matter and had no success. (Dckt. 4 at 1). Nonetheless, the recruitment of counsel is not warranted at this time. This case is in its early stages and all that is required of plaintiff is that he submit an amended complaint, in accordance with the guidance set forth in this order. Notably, plaintiff's motion indicates that he is a college graduate. (*Id.*). The Court stresses that it grants *pro se* litigants wide latitude in the handling of their lawsuits and will continue to construe plaintiff's submissions liberally.

**DATE: September 10, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**

4