**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Richard Anthony Marin (#20250211065), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25 C 5596 |
| v. | ) | |
| | ) | Hon. Jeffrey I. Cummings |
| Cook County Jail, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons set forth below, the Court dismisses plaintiff's amended complaint [11] without prejudice for failure to state a claim on which relief may be granted. By December 22, 2025, plaintiff may submit a second amended complaint if he believes he can state a federal claim in accordance with this order. Failure to comply will result in dismissal of this lawsuit with prejudice for failure to state a claim. Plaintiff also must promptly update his address if it changes while this case is open. If he does not keep the Court informed of his address, this lawsuit may be dismissed with no further notice. The Clerk of Court is directed to send plaintiff a copy of this order along with a blank amended complaint form and instructions. The December 19, 2025 tracking status hearing is stricken and reset to January 30, 2026 at 9:00 a.m. (to track the case only, no appearance is required).

**STATEMENT**

Cook County detainee Richard Anthony Marin initiated this lawsuit *pro se* under 42 U.S.C. §1983 concerning his incarceration at the Cook County Jail. The Court dismissed plaintiff's original complaint because it failed to state a federal claim. (Dckt. #10). Plaintiff's amended complaint, (Dckt. #11), is before the Court for initial review.

Because plaintiff is seeking redress from government officials or employees, the Court must screen the complaint and dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. §1915A; *Jones v. Bock,* 549 U.S. 199, 214 (2007); *Shaw v. Kemper*, 52 F.4th 331, 333 (7th Cir. 2022). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *see Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (cleaned up). The statement also must contain enough facts to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts construe a *pro se* plaintiff's allegations liberally, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), accepting the alleged facts as true and drawing reasonable inferences in the plaintiff's favor, *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020).

The amended complaint concerns "three nearly consecutive periods of incarceration" from 2023 to 2025, during which plaintiff was allegedly denied a vegan diet. (Dckt. #11 at 5). Plaintiff claims that at certain times throughout 2023 to 2025, he submitted various request forms and grievances in connection with the vegan diet. (*Id.*). Plaintiff says that jail officials denied him the vegan diet in retaliation "for reporting crimes associated with law enforcement and jail policies to federal authorities." (*Id.*). Plaintiff also alleges he was "forced" to "accept meat, eggs, and sometimes dairy on [his] food trays" and had to "pick through and separate what [he] can eat and trade for edible food items from others despite the burden and imposed harm to [him]." (*Id.* at 6). Plaintiff further claims that the denial of the vegan diet violates his religious rights, "as [his] belief and adherence to a vegan diet is founded explicitly in Genesis 1:29, which provides clear historical context for its statement and is also supported by [his] right to freedom of conscience[.]" (*Id.*). Plaintiff also claims that the denial of the vegan diet violates Equal Protection. (*Id.*).

Plaintiff brings in this action against Cook County and seeks "damages." (*Id.* at 1, 7).

For the following reasons, plaintiff's amended complaint does not state a federal claim and cannot proceed.

Initially, plaintiff has done little to correct the Rule 8 pleading problem that led to the dismissal of his original complaint. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555, *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). Plaintiff's current complaint, which is vaguely-worded and phrased in generalized terms, does not comply with these standards. Again, it is clear that plaintiff is dissatisfied that he did not/has not received a vegan diet at certain times throughout his incarceration at the jail, but he provides no clear factual information about the events underlying his claim(s). His current complaint still fails to provide a clear timeline of the events at issue, and it does not mention any particular individual(s) who allegedly violated plaintiff's constitutional rights. Overall, his allegations remain confusing and difficult to follow and do not comply with the federal notice-pleading requirements.

Furthermore, as a substantive matter, the allegations of plaintiff's complaint do not state a federal claim.[1] The First Amendment guarantees inmates a "reasonable opportunity" to practice their religion, subject to the legitimate interests of the facility. *Turner v. Safley*, 482 U.S. 78, 89–

---

[1] The Court notes that plaintiff seemed to frame his claim in the original complaint as a medical claim, asserting that he had an allergy to meat (and thus required the vegan diet). (*See* Dckt. #1 at 4; *see also* Dckt. #10 at 2). However, in this version of the complaint, plaintiff does not mention any meat allergy, and, instead, seems to allege that the denial of the vegan diet violates his religious rights. The Court takes this opportunity to warn plaintiff that he is subject to Federal Rule of Civil Procedure 11, which provides that by signing a pleading, a party represents to the Court, among other things, that his factual contentions have evidentiary support or likely will have evidentiary support after further investigation. *See* Fed.R.Civ.P. 11(b). If plaintiff chooses to submit any further amended complaint in this case, he should make sure that his submission comports with Rule 11.

91 (1987); *Cruz v. Beto*, 405 U.S. 319, 322 (1972). To succeed on a Free Exercise claim, a plaintiff must demonstrate that defendants "personally and unjustifiably placed a substantial burden on his religious practices." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016). Plaintiff's sparse and vaguely-worded allegations that "[his] belief and adherence to a vegan diet is founded explicitly in Genesis 1:29"—which are unlinked to any particular individual(s)—are not sufficient to state a claim under the First Amendment.

Additionally, the Court notes, as it did in its prior Order, that plaintiff may be attempting to raise additional claims. For instance, he references "cruel and unusual punishment," retaliation, and equal protection. (Dckt. #11 at 5–6). But these various words and phrases, which are peppered throughout the instant pleading in conclusory terms and are unlinked to any particular individual(s) do not state a claim(s). *See Iqbal*, 556 U.S. at 678 (explaining that plaintiff cannot rely on labels, unsupported conclusions, or conjecture to state a claim); *Twombly*, 550 U.S. at 570 (explaining that courts need not accept as true "abstract recitations of the elements of a cause of action or conclusory legal statements").

Finally, plaintiff has named Cook County as defendant but alleges nothing that points to an unconstitutional policy or practice, as he must do to state a claim against a county or municipality. *See Monell v. New York City Dept. of Soc. Svcs.,* 436 U.S. 658 (1978). Accordingly, plaintiff states no claim against the sole defendant named in this action.

For the reasons discussed above, the Court dismisses the amended complaint for failure to state a claim on which relief may be granted.

Plaintiff may submit a second amended complaint if he believes he can do so in accordance with the principles set forth in this order. Any further amended complaint must be submitted on the Court's required form, *see* Local Rule 81.1, and must comport with Federal Rule of Civil Procedure 11. Again, Rule 11 provides that by signing a pleading, a party represents that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed.R.Civ.P. 11(b). Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. An amended complaint supersedes all prior complaints and must stand complete on its own, without reference to prior complaints. Plaintiff should keep a copy for his files.

The Clerk will provide plaintiff with an amended civil rights complaint form along with a copy of this order. Failure to submit an amended complaint by the date set forth above will result in dismissal of this lawsuit for failure to state a claim.

**Date: November 24, 2025**

_____
**Jeffrey I. Cummings**
**United States District Court Judge**

3