**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Richard Anthony Marin (#20250211065), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25 C 5596 |
| v. | ) | |
| | ) | Hon. Jeffrey I. Cummings |
| | ) | |
| Cook County Jail, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On November 24, 2025, the Court dismissed plaintiff's amended complaint without prejudice for failure to state a claim. (Dckt. #13). In that order, the Court explained that plaintiff had done little to correct the Rule 8 pleading problem that led to the dismissal of the original complaint, and, as a substantive matter, his allegations did not state a federal claim. (*Id.* at 2–3). The Court gave plaintiff until December 22, 2025 to submit a second amended complaint, and warned him that failure to do so by the deadline would result in dismissal of the case for failure to state a claim. Instead of submitting an amended pleading, plaintiff filed a motion to reconsider, (Dckt. #14), asking that the Court permit him to proceed upon his previously dismissed amended complaint. For the following reasons, plaintiff's motion, (Dckt. #14), is denied.

Rule 54(b) provides that non-final orders may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012). Court rulings, however, "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). The court will grant a motion for reconsideration, as relevant here, only when it "has patently misunderstood a party . . . or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (cleaned up); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

Plaintiff has made no such showing in his motion. It is clear from plaintiff's motion that he is dissatisfied with the Court's November 24, 2025, order dismissing his amended complaint for failure to state a claim. But this is not enough to prevail on a motion for reconsideration. *See, e.g., Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (explaining that movant's mere disagreement with a ruling is insufficient for reconsideration of the matter); *Trzeciak v. Petrich*, 670 Fed.Appx. 390, 392 (7th Cir. 2016) (same); *see also Caisse Nationale*, 90 F.3d at 1269-70 (a motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments . . ."). Accordingly, plaintiff's motion [14] is denied. If plaintiff wishes to proceed further with this suit, he must submit a second amended complaint that states a viable federal

claim.  He is given until February 6, 2026, to do so.  Failure to comply by the deadline will result in dismissal of this suit with prejudice for failure to state a claim.  The Clerk is instructed to send plaintiff an amended complaint form, along with a copy of this order.  The January 30, 2026 tracking status hearing is stricken and reset to March 13, 2026 at 9:00 a.m. (to track the case only, no appearance is required).

**Date:  January 13, 2026**

**Jeffrey I. Cummings**
**United States District Judge**